UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIN E. RENN,

    Plaintiff,

v.

WESTERN STATE HOSPITAL,

    Defendant.

CASE NO. C10-5525BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Western State Hospital's ("WSH") motion for summary judgment. Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Erin E. Renn ("Renn") filed the complaint in this action on July 30, 2010 against WSH. Dkt. 4. In her complaint, Renn states that she was wrongfully terminated from her position with WSH. *Id*. Renn's complaint does not state a specific statutory basis for her claims but previously filed a complaint with the Washington State Human Rights Commission ("HRC") in which she alleged violations of RCW 49.60 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") against WSH. *See* Dkt. 9 at 5, 7. On March 29, 2010, HRC issued an administrative closure of Renn's claim under RCW 49.60 due to her failure to cooperate in the investigation. Dkt. 9 at 9-13. Renn received a

ORDER – 1

1  right to sue letter on her ADA claim from the Equal Employment Opportunity Commission
2  ("EEOC") dated May 3, 2010, stating that the EEOC "adopted the findings of the state or
3  local fair employment practices agency that investigated this charge."  Dkt. 11 at 2.
4        On October 29, 2010, WSH filed a motion for summary judgment of Renn's claims.
5  Dkt. 8.  On November 15, 2010, Renn responded to the motion and attached a copy of the
6  right to sue letter she received from the EEOC.  Dkt. 11.  The Court issued an order
7  requesting that WSH file a reply to address the relevance of the letter filed by Renn.  On
8  December 20, 2010, WSH filed a reply.  Dkt. 14.

## II. DISCUSSION

**A.**   **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet

ORDER – 2

at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendant's Motion for Summary Judgment**

The Eleventh Amendment to the United States Constitution prohibits citizens from bringing suit against their own state or another state in federal court.  However, a state may consent to suit being brought against it in federal court or, in certain situations, Congress may abrogate a state's Eleventh Amendment immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  The State of Washington has not waived its Eleventh Amendment immunity. *Skokomish Indian Tribe v. France*, 269 F.2d 555, 560-61 (9th Cir. 1959).

Here, WSH seeks summary judgment of Renn's claims that it violated RCW 49.60 and the ADA.  Dkt. 8.  WSH maintains Renn's ADA claim must be dismissed because as a state agency, it has Eleventh Amendment immunity from any claims under the ADA. *Id.* (citing *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033 (9th Cir. 2006)).  In addition, WSH contends that Renn's RCW 49.60 claim must be dismissed because the State has not waived its Eleventh Amendment immunity and therefore, WSH, a state agency, cannot be sued in federal court. *Id*.  The Court agrees.  Because WSH has shown that it is entitled to Eleventh Amendment immunity on the claims alleged by Renn, such claims must be dismissed with prejudice.  The Court notes that, because Renn's claims must be dismissed

ORDER – 3

based on the Eleventh Amendment, it need not reach the issue of whether Renn properly exhausted her administrative remedies prior to bringing suit in this Court.

### III. ORDER

Therefore, the Court hereby **ORDERS** that WSH's motion for summary judgment (Dkt. 8) is **GRANTED** and Renn's claims are **DISMISSED with prejudice**.

DATED this 31st day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4